**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS DAVIS,**

       **Petitioner,**

                             **Case No. 1:02-CV-618**
**v.**                                **Hon. Gordon J. Quist**

**BRUCE CURTIS,**

       **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**Background**

On April 13, 1998, petitioner pled guilty to receiving and concealing stolen property, MCL 750.535. Judgment of Sentence (docket no. 17);Plea Trans. (docket no. 13). On July 17, 1998, the court sentenced petitioner to 12 to 40 years' imprisonment as a fourth habitual offender, MCL 769.12. Judgment of Sentence.

The Michigan Supreme Court set forth a succinct summary of plaintiff's claim:

> Jury selection for defendant's trial began on the morning of April 13, 1998. In the afternoon of the first day of trial, after the first witness testified, the defendant decided to accept the prosecutor's plea bargain offer. Pursuant to that offer defendant pleaded guilty to one count of receiving and concealing stolen property, M.C.L. § 750.535, and to being a fourth felony offender, M.C.L. § 769.12. The trial judge engaged in a lengthy hearing with defendant on his guilty plea. However, during that hearing the trial judge did not inform defendant that by pleading guilty he was giving up the right to be presumed innocent until proven guilty [as required under MCR 6.302(B)(3)(c)]. On July 17, 1998, defendant was sentenced as an

habitual offender, fourth offense, to a prison term of twelve to forty years.

On December 14, 1998, defendant moved to withdraw his plea on the ground that the trial court failed to inform him of the presumption of innocence. After a hearing on January 25, 1999, the trial court denied the motion.

*People v. Saffold*, 465 Mich 268, 271-72 (2001) (footnotes omitted).[1]

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following issue:

[Petitioner's] guilty plea violates the state and federal due process clauses where he was not advised of the presumption of innocence and did not waive that right; the trial judge's instruction to the jury of the presumption of innocence cannot overcome this deficiency.

*See* docket no. 17.  After initially denying petitioner's application for leave to appeal, the Michigan Court of Appeals, granted the application.  *People v. Abraham Saffold* [*a/k/a Thomas Davis*], No. 217802 (Mich. App. June 10, 1999). The Michigan Court of Appeals reversed petitioner's conviction, finding that the trial court's "[f]ailure to instruct on the presumption of innocence at the time of the plea taking requires reversal."  *People v. Abraham Saffold a/k/a Thomas Davis*, No. 217802 (Mich. App. March 28, 2000), slip op. at 2.  The Court of Appeals also found that "[t]he fact that the court instructed the jury on presumption of innocence earlier in the proceedings does not satisfy the requirement of the court rule [MCR 6.302(B)(3)(c)]."  *Id.*  Accordingly,  the Court of Appeals determined that the trial court erred in denying petitioner's motion to withdraw his guilty plea.  *Id.*

---

[1]  In some state court proceedings, petitioner was referred to as "Abraham Saffold a/k/a Thomas Davis."

The prosecution appealed and the Michigan Supreme Court granted leave to appeal. *See People v. Saffold*, 463 Mich. 906 (2000). On appeal, the Michigan Supreme Court reversed the Michigan Court of Appeals' decision vacating petitioner's guilty plea and reinstated petitioner's conviction and sentence. *Saffold*, 465 Mich. at 281. In reaching this determination, the Michigan Supreme Court reasoned that, "[o]n the basis of the whole record, including the beginning of the jury trial earlier that same day, we find that the trial judge's initial determination that plaintiff knowingly and voluntarily gave up his right to a trial and all the attendant rights was correct." *Id.*

Petitioner raised two claims in his habeas petition:

I.     Conviction obtained by plea of guilty which was not made knowingly and with understanding of the consequences of the plea [i.e., the judge failed to advise petitioner of his right to be presumed innocent before accepting his guilty plea.].

II.    The judge admitted that he could not determine if I heard his instructions to the jury about it [i.e., the presumption of innocence] because he wasn't looking at me.

Petition at ¶ 14.

## Discussion

## I.     Standard of Review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

3

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 405 (2000), the Supreme Court interpreted 28 U.S.C. § 2254(d)(1) as creating a distinction between decisions that are "contrary to" and those that involve an "unreasonable application of" clearly established Supreme Court precedent.  *Johnson v. Bell*, 344 F.3d 567 (6th Cir. 2003).

A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." [*Williams*, 529 U.S. at 405]. A state court decision is also "contrary to" Supreme Court precedent if the state court "applies a rule that contradicts the governing law set forth" in that precedent. *Id.*

*Id.* at 572.  On the other hand, an "unreasonable application" of clearly established Supreme Court precedent occurs  "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.*, *citing Williams*, 529 U.S. at 407.  "An unreasonable application of law is not, according to the Supreme Court, merely incorrect; rather, 'that application must also be unreasonable.'" *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001), *quoting Williams*, 529 U.S. at 411.

4

A determination of a factual issue by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  *Magana*, 263 F.3d at 546-47, *quoting Williams*, 529 U.S. at 411.

Before a state prisoner may seek habeas relief in federal court he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270 (1971); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).  Here, petitioner presented habeas issues I and II to the Michigan Court of Appeals on his initial appeal.  Although petitioner renumbered his claims in his application for leave to appeal to the Michigan Supreme Court, he set forth the substance of those claims.  Accordingly, the court concludes that petitioner has exhausted both habeas issues.

III.    **Habeas claims**

A.    **Trial judge's failure to advise petitioner of presumption of innocence.**

B.    **Trial judge's failure to directly address petitioner.**

There is no question that the state trial court failed to advise petitioner that he was waiving his right to be presumed innocent until proved guilty as required under MCR 6.302(B)(3)(c).[2] *See Saffold*, 465 Mich. at 270-71.  However, federal habeas courts are not permitted

---

[2] MCR  6.302(B)(3)(c) provides as follows:

> **(B).  An Understanding Plea**.  Speaking directly to the defendant, the court must advise the defendant that and determine that the defendant understands: . . .

> (3) if the plea is accepted, the defendant will not have a trial of any kind, and so gives up the rights the defendant would have at trial, including the right . . .

5

to review whether the plea colloquy conformed with a state procedural rule, but only whether it comported with the requirements of constitutional due process. *Ramos v. Rogers*, 170 F.3d 560, 563-64, fn.2 (6th Cir. 1999). "A claim based *solely* on an error of state law is not redressable through the federal habeas process." *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (emphasis in original). It is "especially inappropriate" for a federal habeas court to set aside a state court's ruling on an issue of state law where the state appellate courts, on direct appeal, find that a particular claim is meritless under a state statute. *Id.* Nevertheless, federal habeas relief is available where a state court's error in applying its own state law results in a trial so fundamentally unfair as to have deprived the petitioner of substantive due process. *Id., citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, the issue before this court is whether petitioner's guilty plea complied with the federal constitution's due process guarantee.

A voluntary plea of guilty constitutes an admission of all the material elements of a crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers." *Id.* In addition, a criminal defendant forecloses all subsequent non-jurisdictional appeals to his conviction by pleading guilty. *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent

---

(c) to be presumed innocent until proven guilty . . .

6

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973).

To satisfy the dictates of due process, a plea "must be a voluntary, knowing, intelligent act." *Hart v. Marion Correctional Facility*, 927 F.2d 256, 257 (6th Cir. 1991). A valid guilty plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). *See also North Carolina v. Alford*, 400 U.S. 25, 31 (1970). For a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence imposed. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795-96 (6th Cir. 1991); *Hart*, 927 F.2d at 259. However, "the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *King*, 17 F.3d at 153. Such collateral consequences include a conviction's possible enhancing effect on subsequent sentences, that a conviction on a guilty plea can be used in a subsequent prosecution resulting from a pending investigation, or the details of parole eligibility. *Id.* at 153.

When a state criminal defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary plea by producing a written transcript of the state court proceeding. *See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact. *Id.* A habeas

petitioner "must overcome a heavy burden" to have a federal court overturn these state court findings.  *Id.* at 328.

Here, petitioner pled guilty shortly after his trial had commenced.  *See Saffold*, 465 Mich at 271-72.  The Michigan Supreme Court observed that the trial judge engaged in a lengthy plea hearing that resulted in a 31-page transcript.  *Saffold*, 465 Mich. at 271, fn. 2.  In upholding the validity of petitioner's plea, the Michigan Supreme Court relied on its previous holding in *People v. Jaworski*, 387 Mich. 21; 194 N.W.2d 868 (1972), which adopted the "three constitutional rights involved in the waiver of a guilty plea" enumerated in *Boykin v. Alabama*, 395 U.S. 238, 243 (1969): "1) the right to trial by jury, 2) the right to confront one's accusers, and 3) the privilege against self-incrimination."  *Id.* at 273, 281.  The court further observed that "[t]he United States Supreme Court has not held that the presumption of innocence is such a right."  *Id.* at 281, *citing Johnson v. Ohio*, 419 U.S. 924, 925 (1974).[3]

Like the Michigan Supreme Court, this court is aware of no Supreme Court decision, and petitioner presents none, establishing a criminal defendant's federal constitutional right to be advised of the presumption of innocence before accepting a valid guilty plea. *See, e.g., United States v. Nelson*, No. 91-10084, 1991 WL 268936 (9th Cir. Dec. 13, 1991) (stating that neither *Boykin* nor any other subsequent Supreme Court case requires an explanation regarding the presumption of innocence before a defendant pleads guilty); *Garrison v. Elo*, 156 F. Supp. 2d 815, 826 fn. 4 (E.D. Mich. 2001) (court found no precedent indicating that the failure to explicitly inform a defendant

_____

[3] The *Johnson* opinion was a dissenting opinion issued with respect to a denial of a writ for certiorari. *See Johnson*, 419 U.S. at 924-26 (Douglas, *dissenting*).  In the *Johnson* dissent, Justice Douglas opined that "[t]he *Boykin* enumeration was illustrative, not exhaustive."  *Id.* at 926. However, Justice Douglas did not point out any Supreme Court decision that required a trial court to advise a defendant of his presumption of innocence.

represented by counsel of the right to the presumption of innocence rendered subsequent guilty plea involuntary, "when a review of the record and the totality of the circumstances shows that the defendant was advised of the trial rights set forth in *Boykin* and that the defendant's guilty plea was in fact voluntary and intelligent");   *Chacker v. Petsock*, 713 F. Supp. 775, 778-80 (E.D. Pa. 1989) (rejecting habeas petitioner's claim that state court violated state criminal procedure for failing to explicitly explain the presumption of innocence, noting that *Boykin* requires the court's colloquy "to establish that the defendant understood his right to a jury trial, the acts sufficient to constitute the offense for which he is charged, and the permissible range of sentences").  Finally, the court notes that Rule 11 of the Federal Rules of Criminal Procedure, the federal counterpart to MCR 6.302(B)(3)(c), does not require a federal judge to advise of criminal defendant of his presumption of innocence prior to accepting a guilty plea.  While the Michigan state rule requires the state trial judge to advise the defendant of his right to be presumed innocent prior to accepting a guilty plea, this state procedure is in addition to the defendant's federal constitutional rights.

In the present case, the record reflects that petitioner received the constitutionally required advice under *Boykin*: his right to a jury trial, his right to confront his accusers and his right to against compulsory self-incrimination.  Petitioner understood that he was waiving a number of rights, including the right to have his trial, to have the jury decide the facts of his case and decide whether his guilt was proven beyond a reasonable doubt, the right to cross-examine witnesses, the right to call witnesses, the right to testify, the right to remain silent, the right to an attorney, and the right to appeal a jury conviction. Plea Trans. at 9-11, 25.  Petitioner was advised that he could ask the Court of Appeals for permission to appeal from his guilty plea. *Id.* at 11. Petitioner testified that he knew what he was doing, that his medication did not affect his ability to understand or make

9

decisions, that he wanted to plead guilty, that the plea was his own choice, that he had thought about the plea for a long time, and that he had a sound memory. *Id.* at 1-9, 11-12, 25. Petitioner also understood that the trial judge had the discretion to impose a sentence of up to life or any term of years, that the sentence would be consecutive to his current sentence, and that no one was pressuring him to plead. *Id.* at 12-15, 25. Petitioner also testified that he understood the plea agreement. *Id.* at 15-18, 25. Based on this record, the court concludes that petitioner's plea was voluntary, knowing and intelligent. *See Brady*, 397 U.S. at 748*; Boykin,* 395 U.S. at 243; *Hart*, 927 F.2d at 257.

Furthermore, even though the court did not explicitly advise petitioner of his presumption of innocence during the plea hearing, the circumstances indicate that petitioner was not totally unaware of this presumption. Petitioner was acquainted with the procedure required for a guilty plea, having testified that he pled guilty to three previous felonies. *Id.* at 25, 27-30. In addition, earlier that day, the judge had advised the jury that:

> A person accused of a crime is presumed to be innocent. This means that you must start with the presumption that the defendant is innocent. This presumption continues throughout the trial, and entitles the defendant to a verdict of not guilty unless you find from the evidence beyond a reasonable doubt that he is.

Excerpt of Proceedings, April 13, 1998, at 12.[4] Even though the trial judge's comments were not directed at petitioner, he was present in the courtroom. *See Saffold*, 465 Mich. At 278.

---

[4] This excerpt is part of the Michigan Court of Appeals transcript. *See* docket no. 17.

The Michigan Supreme Court's resolution of the issue was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).   Accordingly, petitioner is not entitled to habeas relief on this claim.

### **<u>Recommendation</u>**

I respectfully recommend that petitioner's habeas petition be dismissed. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  April 25, 2005                                  /s/ Hugh W. Brenneman, Jr.
                                                                   Hugh W. Brenneman, Jr.
                                                                   United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).