UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS DAVIS,

       Petitioner,

v.                                                      Case No. 1:02-CV-618

BRUCE CURTIS,                             HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection To Report and Recommendation dated April 25, 2005, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Having conducted a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

In his petition, Petitioner alleged that the trial court's failure to advise him of the presumption of innocence at the time Petitioner pled guilty to receiving and concealing stolen property violated his right to due process. The magistrate judge noted that in accepting Petitioner's plea, the trial court conducted an extensive colloquy with Petitioner to determine that Petitioner's plea was voluntary and intelligent. During the exchange, the trial court advised Petitioner of his right to a jury trial, his right to confront his accusers, and his right against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969). The magistrate judge concluded that the Michigan Supreme Court's resolution of the issue was neither contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court because no Supreme Court

decision has held that a criminal defendant has a federal constitutional right to be advised of the presumption of innocence in order to enter a valid guilty plea. The magistrate judge also concluded that the circumstances showed that Petitioner's plea was knowing, voluntary, and intelligent and that Petitioner was not totally unaware of the presumption.

In his objection, Petitioner does not take issue with the magistrate judge's determination that his plea was knowing, voluntary, and intelligent or the magistrate judge's determination that the Michigan Supreme Court's resolution of the issue was neither contrary to, nor or an unreasonable application of, Supreme Court precedent. In fact, Petitioner acknowledges that the Supreme Court has never explicitly held that a trial court must advise a criminal defendant of the presumption of innocence before accepting a valid guilty plea.[1] Rather, Petitioner argues that this Court should recognize that such a right is basic to our system of justice. The Court must reject this argument because it is contrary to the standards imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "a district court cannot grant habeas relief on the basis of its view of how the Supreme court [sic] might decide a particular issue, but instead it must either determine whether the state court decision is contrary to the Supreme Court's decisions, or, if the Supreme Court has not addressed the issue, 'whether the state Court's use of (or failure to use) existing law in deciding the petitioner's claim involved an  "unreasonable application" of Supreme Court precedent.'" Davis v. Johnson, 49 F. Supp. 2d 160, 161-62 (W.D.N.Y. 1999) (citations omitted). Petitioner has failed to show that the Michigan Supreme Court's decision meets that standard. Therefore,

---

[1] Nor do the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(b)(1).

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 25, 2005 (docket no. 24), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objection To Report And Recommendation (docket no. 25) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

Dated: July 21, 2005         /s/ Gordon J. Quist
                         GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE